NIGEL BURNS, ESQ. (SBN: 202576)
nburns@burnsattorneys.com
NICHOLAS STAHL, ESQ. (SBN: 296813)
nsthal@burnsattorneys.com
**THE LAW OFFICE OF NIGEL BURNS**
800 West 1st Street, Suite 401-12
Los Angeles, California 90012
Telephone: (213) 687-8080
Fax: (213) 687-8383
Email: nburns@burnsattorneys.com
Email: nstahl@burnsattorneys.com

*Attorney(s) for Plaintiff*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHEELIMAGE CORP., a California corporation, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> FITMENT SOLUTION WHEELS, a Texas ) <br> business entity, JUSTIN NAMTRI TRAN, ) <br> KEVIN GARCIA; and ) <br> ) <br> ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:26-CV-06162 <br><br> **COMPLAINT FOR:** <br><br> (1) Federal Trademark Infringement, 15 U.S.C. § 1114; <br> (2) Federal Unfair Competition, 15 U.S.C. § 1125(a); <br> (3) Misappropriation of Trade Secrets Under The Defend Trade Secrets Act, 18 U.S.C. § 1836 <br> (4) Misappropriation of Trade Secrets Under The California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq.; <br> (5) Breach of Fiduciary Duty; <br> (6) Breach of Duty of Loyalty; <br> (7) Conversion; <br> (8) Civil Conspiracy; <br> (9) Aiding and Abetting Breach of Fiduciary Duty; <br> (10) Intentional Interference with Contractual Relations; <br> (11) Unjust Enrichment/Restitution <br> (12) Violation of California Business & Professions Code § 17200 |

)
)   **DEMAND FOR JURY TRIAL**

### COMPLAINT

Plaintiff WheelImage Corp. ("Plaintiff" or "WheelImage"), by and through its undersigned counsel, hereby brings this Complaint against Defendants Justin Namtri Tran ("Tran"), Kevin Garcia ("Garcia"), and Fitment Solution Wheels ("Fitment Solution") (collectively, "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.      This action arises out of a multi-year, coordinated scheme in which Defendants, acting in concert, systematically stole, diverted, and resold Plaintiff's vehicle wheel inventory bearing federally protected trademarks, exploited Plaintiff's confidential business information, and sold the misappropriated trademarked goods through unauthorized channels at "rock bottom" prices, inflicting losses on WheelImage conservatively estimated in excess of $5,000,000.

2.      WheelImage is the owner of various federally registered trademark brands, including ESR and other aftermarket wheel brands. Defendant Fitment Solution was an authorized WheelImage dealer with the contractual right to purchase trademarked wheels through legitimate wholesale channels. However, rather than honoring its dealer agreement, Fitment Solution chose to participate in a criminal scheme whereby Defendant Tran, a WheelImage employee, secretly diverted approximately five (5) sets of WheelImage's trademarked wheels per week, each with a wholesale value of approximately $1,400 to $4,400 per set, to Fitment Solution's facility in Grand Prairie, Texas. This enabled Fitment Solution to sell identical trademarked products at "rock bottom" prices through *fitmentsolution.com* that legitimate authorized dealers could not match. In exchange, Garcia paid Tran a kickback of $500 per diverted wheel set via the Zelle payment platform.

3.      To conceal the scheme, Tran altered existing paid invoices, generated fraudulent packing slips, forged a WheelImage employee's signature using a company stamp, printed the falsified documents without saving them in WheelImage's accounting system, and then reverted

the underlying invoices to their legitimate form. These practices deprived WheelImage of any transaction history for the diverted shipments and were designed to evade internal controls.

4.    Defendants' conduct constitutes federal trademark infringement and unfair competition, trade-secret misappropriation under federal and state law, and gives rise to numerous related common-law and statutory claims. Plaintiff seeks compensatory damages, exemplary and punitive damages, disgorgement of Defendants' ill-gotten gains, injunctive relief, pre- and post-judgment interest, attorneys' fees, and costs of suit.

## THE PARTIES

5.    Plaintiff WheelImage Corp. is a corporation organized and existing under the laws of the State of California, with its principal place of business at 350 S. Ranger Avenue, Suite A, Brea, California 92821. WheelImage is in the business of importing, distributing, and selling aftermarket vehicle wheels to dealers and consumers as the exclusive authorized distributor of various federally trademarked wheel brands.

6.    Defendant Justin Namtri Tran is, and at all relevant times was, an individual residing in Fountain Valley, California. Tran was employed by WheelImage and had access to WheelImage's proprietary sales, accounting, inventory, and customer information at all times relevant to this Complaint.

7.    Defendant Kevin Garcia is, and at all relevant times was, an individual residing and doing business in Texas, and is believed to be a principal, owner, officer, or authorized agent of Defendant Fitment Solution Wheels.

8.    Defendant Fitment Solution Wheels is a business entity that Plaintiff is informed and believes, and on that basis alleges, maintains its principal place of business at 2100 N. Highway 360, Suite 2000, Grand Prairie, Texas 75050, and transacts business through the website fitmentsolution.com. At all relevant times, Fitment Solution was an authorized dealer of WheelImage with the contractual right to purchase and resell WheelImage's trademarked products through legitimate wholesale channels. The true organizational form of Fitment Solution is presently unknown to Plaintiff, and Plaintiff will amend this Complaint to reflect such information when ascertained.

## JURISDICTION AND VENUE

9.    This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338, because this action arises under the federal trademark laws (15 U.S.C. §§ 1114, 1125) and the Defend Trade Secrets Act (18 U.S.C. § 1836 et seq.).

10.    This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

12.    This Court has personal jurisdiction over each Defendant. Defendant Tran resides and committed the acts giving rise to this action within this District. Defendants Garcia and Fitment Solution purposefully directed their conduct at California by entering into an ongoing conspiracy with a California employee to steal inventory from a California company, by receiving weekly shipments of wheels originating in this District, and by transmitting electronic payments to Tran in California, thereby availing themselves of the privileges and protections of conducting activities in California.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the theft, falsification of records, and shipment of misappropriated goods from WheelImage's facility in Brea, California.

## FACTUAL ALLEGATIONS

**A.    WheelImage's Business, Trademarks, and Authorized Dealer Network**

14.    WheelImage is an aftermarket wheel distributor that imports and sells wheel products to retail customers, dealers, and fitment shops throughout the United States. WheelImage owns and serves as the exclusive authorized distributor for various federally registered trademark brands, including ESR (U.S. Trademark Registration No. 7924391), AL13 (U.S. Trademark Registration Nos. 7806435 and 7806436), MVFORGED (U.S. Trademark Registration No. 7672193), and other premium wheel manufacturers. WheelImage operates through an authorized dealer network, including Defendant Fitment Solution, which have contractual rights to purchase

WheelImage's trademarked products through legitimate wholesale channels. WheelImage's wheels, each with a wholesale value of approximately $1,400 to $4,400 per set, are shipped daily via common carriers, including FedEx, to authorized retailers and direct customers through *wheelimage.com* and other authorized sales channels.

15.    In the ordinary course of its business, WheelImage develops and maintains confidential and proprietary business information, including but not limited to: (a) customer lists and buying histories; (b) invoicing, pricing, and margin data; (c) inventory and shipping records; and (d) the internal workflows, credentials, and stamps used to authorize shipments and release inventory (collectively, the "Confidential Information"). This Confidential Information derives independent economic value, actual and potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from its disclosure or use. WheelImage takes reasonable measures to maintain the secrecy of this information, including restricting access to authorized employees, requiring login credentials for its accounting systems, and physically securing its warehouse and office premises.

**B.    Tran's Position of Trust**

16.    At all relevant times, Tran was employed by WheelImage in a sales and fulfillment capacity that required him to access WheelImage's accounting software, customer invoices, and shipping workflows. As a condition of his employment, Tran owed WheelImage duties of loyalty, confidentiality, and good faith, and was required to act solely in WheelImage's best interest in all matters touching his employment.

17.    Tran had access to WheelImage's Confidential Information and trademarked inventory for the sole purpose of performing his job duties, and he understood that such information and inventory were to be used exclusively for WheelImage's benefit and only through authorized distribution channels.

**C.    The Conspiracy with Authorized Dealer Fitment Solution and Garcia**

18.    Beginning in or around 2024, and continuing through on or about December 17, 2025, Tran and Garcia, acting on behalf of Fitment Solution, entered into a verbal agreement under which Tran would divert WheelImage's trademarked wheel sets to Fitment Solution through

fraudulent means rather than through legitimate wholesale purchases, in exchange for $500 per wheel set paid directly to Tran via Zelle.

19. To execute the scheme without detection, Tran employed the following method:

(a) Tran identified legitimate, already-paid customer invoices in WheelImage's accounting system;

(b) Tran altered the existing paid invoices so that the system would generate a packing slip directing the shipment to Fitment Solution, rather than to the legitimate paying customer;

(c) Tran forged the signature of a WheelImage employee, Barbara Mitchell-Galindo, by using a company stamp, thereby falsely authorizing the release of the diverted goods;

(d) Tran printed the falsified packing slips and shipping documents without saving the altered transaction in WheelImage's accounting software, so no record of the fraudulent shipment would appear in Tran's sales account;

(e) Tran then reverted the underlying invoice back to its original, legitimate form to conceal the alteration;

(f) The physical wheel sets bearing WheelImage's trademarked brands were then shipped by FedEx to Fitment Solution in Grand Prairie, Texas; and

(g) Upon receipt of each shipment, Garcia paid Tran $500 per set via Zelle, and Fitment Solution offered the stolen trademarked wheels for sale through its retail channels at "rock bottom" prices that legitimate authorized dealers could not match.

20. Rather than purchasing inventory through WheelImage's legitimate wholesale channels as an authorized dealer, Fitment Solution chose to participate in this fraudulent scheme to obtain the same trademarked products at a fraction of the wholesale cost ($500 vs. legitimate wholesale prices). This allowed Fitment Solution to sell WheelImage's trademarked products at "rock bottom" prices that legitimate authorized dealers could not match, giving Fitment Solution an unfair competitive advantage obtained through criminal means.

///

21. Tran has admitted, to WheelImage's management in the presence of Brea Police Department officers, that he engaged in this scheme for approximately two years and shipped approximately five (5) wheel sets per week to Fitment Solution.

22. Based on five-wheel sets per week over approximately two years at $1,400 to $4,400 per set, WheelImage's direct inventory losses attributable to Defendants' scheme are approximately $5,000,000, exclusive of lost profits, investigative costs, remediation costs, and other consequential damages.

23. Plaintiff is informed and believes, and on that basis alleges, that Fitment Solution resold the misappropriated trademarked wheels through its retail channels, including the website fitmentsolution.com, reaping substantial profits at WheelImage's expense and undermining WheelImage's authorized distribution network by selling identical products at prices that legitimate dealers could not match.

**D.    Discovery, Termination, and Criminal Referral**

24. On December 17, 2025, WheelImage's owner confronted Tran in the presence of WheelImage management and two uniformed officers of the Brea Police Department. Tran admitted to the scheme, including his conspiracy with Garcia and Fitment Solution, and was thereupon terminated and taken into custody.

25. The Brea Police Department assigned Incident No. 2512-1357 to the matter and, based on Tran's admission, arrested him and transported him for booking on suspicion of grand theft in violation of California Penal Code § 487(a). See **Exhibit A** attached hereto, The Brea Police Record (a complete version will be produced subject to a protective order).

26. That same day, Plaintiff, through undersigned counsel, transmitted to Defendant Garcia and Fitment Solution a formal preservation-of-evidence and litigation-hold notice identifying the scheme, instructing Defendants to preserve all relevant records, and placing them on notice of impending civil and criminal proceedings.  See **Exhibit B** attached hereto, December 17, 2025 Letter to Fitment Solution Wheels.

///

///

# COUNT I

## Federal Trademark Infringement

## (15 U.S.C. § 1114)

### *(Against All Defendants)*

27. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

28. WheelImage owns various federally registered trademarks in connection with aftermarket vehicle wheels, including but not limited to: (a) ESR (U.S. Trademark Registration No. 7924391, registered September 2, 2025); (b) ESR WHEELS (U.S. Trademark Registration No. 5213781, registered May 30, 2017); (c) AL13 (U.S. Trademark Registration Nos. 7806435 and 7806436, both registered May 27, 2025); (d) MVFORGED (U.S. Trademark Registration No. 7672193, registered January 28, 2025); (e) WHEELIMAGE (U.S. Trademark Registration No. 7566060, registered November 12, 2024); and (f) numerous other federally registered marks for vehicle wheels and related products (collectively, the "WheelImage Trademarks"). WheelImage has invested substantial time, effort, and resources in developing goodwill and consumer recognition in connection with the WheelImage Trademarks.

29. The WheelImage Trademarks are distinctive, valid, and enforceable under federal law, having been duly registered with the United States Patent and Trademark Office on the Principal Register. WheelImage has the exclusive right to distribute and authorize the sale of products bearing such marks in commerce in connection with the distribution and sale of aftermarket vehicle wheels.

30. Defendant Fitment Solution was an authorized dealer with the contractual right to purchase WheelImage's trademarked products through legitimate wholesale channels. However, Defendants conspired to bypass this authorized distribution system entirely by using theft and fraud to obtain identical trademarked products, including ESR-branded wheels protected by U.S. Trademark Registration No. 7924391, AL13-branded wheels protected by U.S. Trademark Registration Nos. 7806435 and 7806436, and other federally registered WheelImage marks, which

///

Fitment Solution then sold through its retail channels at fitmentsolution.com at "rock bottom" prices that legitimate dealers could not match.

31.    By selling WheelImage's federally registered trademarked products obtained through theft and fraud rather than through authorized wholesale purchases, Defendants used WheelImage's trademarks in commerce in a manner that exceeded and violated the scope of Fitment Solution's dealer authorization. Defendants' sale of products bearing WheelImage's registered trademarks, including ESR (Reg. No. 7924391), AL13 (Reg. Nos. 7806435, 7806436), MVFORGED (Reg. No. 7672193), and others, without authorization and through criminal means, constitutes trademark infringement under 15 U.S.C. § 1114(1).

32.    Defendants' unauthorized use of the WheelImage Trademarks was willful and intentional, as Defendants knew they were circumventing WheelImage's authorized distribution system and dealer agreement terms by obtaining trademarked products through criminal means rather than legitimate wholesale purchases.

33.    Defendants' sale of trademarked wheel products obtained through theft rather than authorized wholesale purchases constitutes trademark infringement under 15 U.S.C. § 1114. Even genuine trademarked goods lose first-sale doctrine protection when obtained through improper means, and an authorized dealer's limited license to sell trademarked goods *does not* extend to selling stolen versions of those same goods bearing federally registered trademarks.

34.    Defendants' conduct created consumer confusion as to the source and quality of the trademarked products, undermined WheelImage's pricing structure and dealer network, and enabled Fitment Solution to gain an unfair competitive advantage over other authorized dealers who were purchasing inventory through legitimate channels.

35.    As a direct and proximate result of Defendants' trademark infringement, WheelImage has been damaged in an amount to be proven at trial and is entitled to monetary relief, injunctive relief, destruction of infringing products, and attorneys' fees under 15 U.S.C. § 1117.

///

///

///

## COUNT II

### Federal Unfair Competition

### (15 U.S.C. § 1125(a))

### *(Against All Defendants)*

36.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

37.     Defendants' conduct, as alleged herein, constitutes unfair competition in violation of 15 U.S.C. § 1125(a) by creating a likelihood of confusion, deception, or mistake as to the origin, sponsorship, or approval of Defendants' wheel products.

38.     Defendants' sale of WheelImage's trademarked products through unauthorized means, at below-market prices made possible only through theft, constitutes false or misleading representations about the nature, characteristics, and geographic origin of such products, in that consumers are led to believe they are purchasing legitimate products through authorized channels when in fact they are purchasing stolen goods that enable Fitment Solution to undercut legitimate authorized dealers.

39.     Fitment Solution's participation in this scheme gave it an unfair competitive advantage over other authorized WheelImage dealers who were purchasing inventory through legitimate wholesale channels, allowing Fitment Solution to offer "rock bottom" prices that other authorized dealers could not match without sustaining losses.

40.     Defendants' unfair competition has damaged WheelImage's business reputation, disrupted its authorized distribution network, harmed legitimate authorized dealers, and caused consumer confusion in the marketplace.

41.     As a direct and proximate result of Defendants' unfair competition, WheelImage has suffered damages in an amount to be proven at trial and is entitled to injunctive relief and monetary relief under 15 U.S.C. § 1125.

///

///

///

## COUNT III

### Misappropriation of Trade Secrets Under the Defend Trade Secrets Act

### (18 U.S.C. § 1836 et seq.)

### *(Against All Defendants)*

42. Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

43. WheelImage's Confidential Information, as defined above, constitutes "trade secrets" within the meaning of 18 U.S.C. § 1839(3) because (a) WheelImage has taken reasonable measures to keep such information secret, and (b) the information derives independent economic value from not being generally known to, or readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

44. WheelImage's trade secrets relate to products that are used in, and intended for use in, interstate commerce, including the nationwide sale and shipment of aftermarket vehicle wheels.

45. Defendants misappropriated WheelImage's trade secrets within the meaning of 18 U.S.C. § 1839(5) by acquiring, disclosing, and using WheelImage's Confidential Information through improper means, including theft, misrepresentation, breach of a duty to maintain secrecy, and espionage through electronic or other means.

46. Tran acquired the trade secrets lawfully through his employment but used them in breach of the duty of confidentiality he owed to WheelImage. Garcia and Fitment Solution acquired and used the trade secrets with knowledge, or with reason to know, that the trade secrets were acquired by improper means and/or were disclosed in breach of a duty to maintain secrecy.

47. Defendants' misappropriation was willful and malicious within the meaning of 18 U.S.C. § 1836(b)(3)(C) and (D).

48. As a direct and proximate result of Defendants' misappropriation, WheelImage has suffered actual losses in an amount to be proven at trial, but believed to be in excess of $5,000,000, and Defendants have been unjustly enriched in an amount to be proven at trial. Plaintiff is further entitled to exemplary damages of up to two times the damages awarded and to reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(C)–(D).

49.     Plaintiff is further entitled to injunctive relief under 18 U.S.C. § 1836(b)(3)(A) to prevent further actual or threatened misappropriation.

## COUNT IV

### Misappropriation of Trade Secrets Under the California Uniform Trade Secrets Act

### (Cal. Civ. Code § 3426 et seq.)

### *(Against All Defendants)*

50.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

51.     WheelImage's Confidential Information constitutes "trade secrets" within the meaning of California Civil Code § 3426.1(d).

52.     Defendants misappropriated such trade secrets within the meaning of California Civil Code § 3426.1(b) by acquiring, disclosing, and using them through improper means and in breach of duties of confidentiality.

53.     Defendants' conduct was willful and malicious within the meaning of California Civil Code § 3426.3(c), entitling Plaintiff to exemplary damages of up to two times the amount of actual damages and unjust enrichment, as well as reasonable attorneys' fees under California Civil Code § 3426.4.

54.     As a direct and proximate result, WheelImage has suffered damages in an amount to be proven at trial and is entitled to injunctive relief under California Civil Code § 3426.2.

## COUNT V

### Breach of Fiduciary Duty

### *(Against Defendant Tran)*

55.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

56.     By virtue of his employment and his access to WheelImage's confidential business information, inventory, and shipping controls, Tran owed WheelImage fiduciary duties of loyalty, care, good faith, and full disclosure.

///

57.    Tran breached those duties by, among other things, secretly diverting inventory to a competitor, falsifying records, forging signatures, accepting kickbacks, and concealing all of the foregoing from his employer.

58.    As a direct and proximate result, WheelImage has been damaged in an amount to be proven at trial, but in any event in excess of $5,000,000, and is entitled to disgorgement of all compensation and kickbacks received by Tran during the period of his disloyalty, together with punitive damages pursuant to California Civil Code § 3294.

## COUNT VI

### Breach of the Duty of Loyalty

#### *(Against Defendant Tran)*

59.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

60.    As an employee of WheelImage, Tran owed WheelImage an independent duty of loyalty, requiring him to refrain from taking any action contrary to WheelImage's interests and from competing with WheelImage during the term of his employment.

61.    Tran breached his duty of loyalty by engaging in the scheme alleged above, including by self-dealing, accepting undisclosed compensation from a third party, and diverting WheelImage's property for the benefit of himself and a competitor.

62.    As a direct and proximate result, WheelImage has been damaged in an amount to be proven at trial and is entitled to disgorgement of all compensation paid to Tran during the period of his disloyalty under the "faithless servant" doctrine.

## COUNT VII

### Conversion

#### *(Against All Defendants)*

63.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

64.    At all relevant times, WheelImage owned, possessed, and had the right to immediate possession of the wheel sets stored at its Brea, California warehouse.

65.     Defendants, acting in concert, wrongfully exercised dominion and control over WheelImage's wheel inventory by stealing, diverting, shipping, receiving, and reselling those goods without authorization or consent.

66.     As a direct and proximate result, WheelImage has been damaged in an amount to be proven at trial, but in any event in excess of $5,000,000, together with interest at the legal rate, and is entitled to punitive damages under California Civil Code § 3294 based on Defendants' oppressive, fraudulent, and malicious conduct.

## COUNT VIII

### Civil Conspiracy

### *(Against All Defendants)*

67.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

68.     Defendants knowingly and willfully agreed and conspired with one another to commit the wrongful acts alleged herein, including theft, conversion, fraud, trademark infringement, and misappropriation of WheelImage's trade secrets and property.

69.     Each Defendant committed overt acts in furtherance of the conspiracy, including but not limited to Tran's falsification of invoices and packing slips, forgery of the Mitchell-Galindo signature via company stamp, shipments of stolen inventory to Fitment Solution, Garcia's weekly Zelle payments to Tran, and Fitment Solution's receipt and resale of the misappropriated trademarked goods.

70.     As a direct and proximate result, WheelImage has been damaged in an amount to be proven at trial, and each Defendant is jointly and severally liable for the full amount of damages flowing from the conspiracy, together with punitive damages.

///

///

///

///

///

## COUNT IX

### Aiding and Abetting Breach of Fiduciary Duty

#### *(Against Defendants Garcia and Fitment Solution)*

71.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

72.    Tran owed fiduciary duties and a duty of loyalty to WheelImage, which he breached as alleged above.

73.    Garcia and Fitment Solution knew of Tran's fiduciary and loyalty duties to WheelImage, or were willfully blind to them, yet provided substantial assistance and encouragement to Tran's breaches, including by negotiating the illicit $500-per-set kickback arrangement, accepting stolen goods, and making regular Zelle payments designed to incentivize continued breach.

74.    As a direct and proximate result, WheelImage has been damaged in an amount to be proven at trial and is entitled to disgorgement and punitive damages.

## COUNT X

### Intentional Interference with Contractual Relations

#### *(Against Defendants Garcia and Fitment Solution)*

75.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

76.    A valid employment contract existed between WheelImage and Tran, which required Tran to act loyally, honestly, and solely in WheelImage's interest and to protect WheelImage's confidential information and property.

77.    Garcia and Fitment Solution had knowledge of Tran's employment relationship with WheelImage and intentionally induced Tran to breach that relationship by offering kickbacks and by establishing the ongoing scheme alleged herein.

78.    As a direct and proximate result of this interference, WheelImage has been damaged in an amount to be proven at trial.

///

## COUNT XI

### Unjust Enrichment / Restitution

*(Against All Defendants)*

79.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

80.    Defendants received benefits at WheelImage's expense, specifically, WheelImage's wheel inventory, the profits from resale of that inventory, and the kickback payments, under circumstances in which it would be unjust for Defendants to retain those benefits.

81.    Plaintiff is entitled to restitution and disgorgement of all such ill-gotten gains in an amount to be proven at trial.

## COUNT XII

### Violation of California Business & Professions Code § 17200 et seq.

*(Against All Defendants)*

82.    Plaintiff realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

83.    Defendants' conduct, as alleged herein, constitutes unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code § 17200 et seq., in that it violates, among other laws, federal trademark laws (15 U.S.C. §§ 1114, 1125), California Penal Code §§ 484 and 487 (theft), California Penal Code § 470 (forgery), California Civil Code § 3426 et seq. (trade secrets), and the Defend Trade Secrets Act, and independently offends established public policy and the legislatively declared policy of California.

84.    As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices, WheelImage has suffered injury in fact and lost money and property.

85.    Plaintiff is entitled to restitution, disgorgement, and injunctive relief under California Business & Professions Code §§ 17203 and 17204.

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff WheelImage Corp. respectfully requests that this Court enter judgment in its favor and against Defendants Justin Namtri Tran, Kevin Garcia, and Fitment Solution Wheels, jointly and severally where appropriate, and award the following relief:

A.    Compensatory damages in an amount to be proven at trial, but in no event less than $5,000,000;

B.    Exemplary damages of up to two times the amount of actual damages and unjust enrichment pursuant to 18 U.S.C. § 1836(b)(3)(C) and California Civil Code § 3426.3(c);

C.    Punitive damages pursuant to California Civil Code § 3294;

D.    Disgorgement of all profits, kickbacks, and other ill-gotten gains received by Defendants;

E.    Restitution in accordance with California Business & Professions Code § 17203;

F.    A preliminary and permanent injunction enjoining Defendants from further use, disclosure, or possession of WheelImage's trade secrets and property, and requiring Defendants to return or destroy all such materials in their possession, custody, or control;

G.    A preliminary and permanent injunction enjoining Defendants from manufacturing, importing, distributing, advertising, promoting, or selling any products bearing WheelImage's trademarks outside of authorized distribution channels;

H.    An order directing the destruction of all products in Defendants' possession, custody, or control that bear WheelImage's trademarks and were obtained through unauthorized means;

I.    Reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1836(b)(3)(D), 15 U.S.C. § 1117, California Civil Code § 3426.4, and any other applicable statute;

///

J.      Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

K.      Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff WheelImage Corp. hereby demands a trial by jury on all issues so triable.

Dated: June 5, 2026                    Respectfully submitted,

The Law Offices of Nigel Burns

By:  /s/Nicholas Stahl Esq.
Nigel Burns, Esq.
Nick Stahl, Esq.
Attorneys For Plaintiff

# EXHIBIT A



# The City of Brea Police Department

1 CIVIC CENTER CIRCLE, BREA, CA 92821-5732     714-990-7625     www.breapolice.net

## REQUEST FOR RELEASE OF RECORDS INFORMATION

*To assist us in expediting your request, please print clearly and complete all three sections.*

**1** Requested by
Adel Batarseh

Please indicate return preference. Records cannot be emailed.
Mailed ☑     Faxed ☐

Address
350 Ranger Ave Ste A

Telephone
951-312-4555

Fax

City, State, Zip
Brea, CA 92821

Alternate contact number/email address (optional):

Police Report Number (if known)
2512-1357

Type of Incident
Theft

Date and Time of Report
12-17-2025     Approx 1:10pm

Location of Incident
350 Ranger Ave Ste A Brea, CA 92821

**2** I am the:
☑ Victim
☐ Domestic Violence Victim (no fee)
☐ Suspect/Arrested Person
☐ Driver

☐ Parent/Guardian of Minor: _____
☐ Attorney Representing (attach waiver)_____
☐ Insurance Representative for _____
☐ Other:_____

**RECEIVED**

Request for Police Records:
☑ Police Report from Incident ($3)
☐ Other - specify

Other Requests:
☐ Copy of Photographs from Incident ($35) Please specify printed set ☐ or CD ☐

MAR 04 2025
**BREA POLICE RECORDS**

Additional Information for Search (optional):

**FOR DEPARTMENT USE ONLY**
Rec'd by: A Tolulcrawn #1567     Date: 3/4/26
Fee paid (circle) ($3.00) none   other: $_____ Paid by (circle) check   CC  (cash)
Request Approved/Denied (circle) By:_____
Mailed/Faxed/Other_____     Date: _____   Copy to  P & E ☐ Date_____

**3** I declare under penalty of perjury that the information indicated above is true and correct and I am the party of interest.

Signature
Adel Batarseh

Driver's License Number
C1675122

Date
March 3-2026

**For payment by credit card**: Please note there is a 2.5% service fee (minimum of $0.50) for all electronic transactions effective March 1, 2026. This fee is automatically collected by the City's third party payment providers. The fee amount is based on the cost charged by the payment provider, and the City does not retain any portion of this fee.

Type of card: (circle) Visa, Mastercard, or Discover
Name on card: _____
Card #: _____     Expiration Date: ____/____
Billing zip code _____  CVV____

BPD F-85 Rev 1/2026

# EXHIBIT B

# Law Office of Nicholas S. Lee

332 S. Michigan Ave, Suite 900, Chicago, IL 60604
nslee@nslegal-ip.com | (773) 732-8244

December 17, 2025

Via Email Only (sales@fitmentsolution.com)

Kevin Garcia
Fitment Solution Wheels
2100 N Hwy 360, Suite 2000
Grand Prairie, TX 75050

RE: Preservation Of Evidence and Notice of Civil and Criminal Claims

Dear Mr. Garcia:

This firm represents WheelImage Corp. ("WheelImage or Client"). We write to place Fitmen Solution Wheels on formal notice of its obligation to preserve evidence in connection with an ongoing investigation involving the unauthorized diversion, transfer, and receipt of WheelImage's proprietary wheel products.

Our Client has just recently uncovered that Justin Tran, a former employee of WheelImage, knowingly and intentionally acted without authorization and in blatant breach of his fiduciary and contractual duties to systematically divert WheelImage's wheel products to your company in Texas for the mutual benefit of Mr. Tran and your company. The evidence obtained to date establishes that this was not an isolated incident or oversight, but rather a deliberate, coordinated, and long-running scheme in which Mr. Tran and your company conspired to steal WheelImage's products, divert profits, and exploit inside access and confidential knowledge over an extended period of time.

The conduct described above amounts to deliberate theft and coordinated misappropriation, giving rise to significant civil liability and criminal exposure for all participants. The financial damage to WheelImage is extensive, ongoing, and escalating. Our Client is in the process of filing a police report and preparing civil and criminal actions and intends to pursue all available remedies to the fullest extent of the law against every responsible party.

Accordingly, you are hereby instructed to immediately preserve and not alter, destroy, delete, overwrite, or conceal any documents, data, or materials—whether in paper, electronic, or other form—relating in any way to:

- Justin Tran;

Kevin Garcia
December 17, 2025
Page 2

- Any receipt, transfer, shipment, storage, resale, or distribution of WheelImage's wheel products;

- Communications with Justin Tran or any intermediary;

- Payments, commissions, profit-sharing, or other financial arrangements connected to the products.

This preservation obligation includes, but is not limited to:

- Company records and internal files

- Financial records, accounting ledgers, invoices, purchase orders

- Bank statements, wire records, ACH records, and payment platform data

- Emails, call logs, voicemails

- Text messages, messaging apps (e.g., WhatsApp, Signal, WeChat), and social media communications

- Shipping records, bills of lading, warehouse and inventory records

- Electronic files, metadata, backups, servers, laptops, mobile devices, and cloud storage

You must take affirmative steps to ensure that automatic deletion, data-retention limits, and device recycling protocols are suspended as to all potentially relevant information.

Failure to preserve evidence after receipt of this notice may subject your company to spoliation sanctions, adverse inference instructions, monetary penalties, and additional liability in any ensuing litigation.

In light of the severity of the allegations, the evidence already identified, and the likelihood of imminent civil and criminal proceedings, your company is strongly advised to retain experienced legal counsel immediately. Prompt engagement of counsel will be critical to address preservation obligations, assess liability, and determine whether this matter can be resolved before formal proceedings are initiated.

Nothing in this letter constitutes a complete statement of our Client's claims, rights, or remedies, all of which are expressly reserved.

Sincerely,

*Nicholas Lee*

Nicholas S. Lee

Cc: support@fitmentsolution.com